IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JACKSON,

            Petitioner,               No. CIV S-10-2384 MCE CKD P

    vs.

GARY SWARTHOUT,

            Respondent.          FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner raises a due process challenge to the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing held on November 2, 2009.  He also argues that the application of Marsy's Law violates the ex post facto clause of the Constitution.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be dismissed.

PROCEDURAL BACKGROUND

        In 1978, petitioner was convicted in the Orange County Superior Court of murder, attempted murder, and burglary with great bodily injury.  He is serving a state prison term of life with the possibility of parole. (Dkt. No. 1 ("Ptn.") at 1, 8.)  At petitioner's seventeenth

1

1   subsequent parole consideration hearing on November 2, 2009, the Board found petitioner

2   unsuitable for release and issued a three-year denial of parole.  (Id. at 9-10; Dkt. No. 1-1 at 106-

3   114 (Board decision).)

4   　　　　Petitioner filed three state habeas petitions challenging the Board's 2009 decision

5   on due process and ex post facto grounds.  He first filed a petition in the Orange County Superior

6   Court, which was denied in a reasoned decision on April 1, 2010.  (Ptn. at 11; Dkt. No. 1-1 at

7   119-127.)  He next filed a petition in the California Court of Appeal, Fourth Appellate District,

8   which was summarily denied on April 29, 2010.  (Id.; Dkt. No. 1-1 at 129.)  He then filed a

9   petition in the California Supreme Court, which was summarily denied on June 30, 2010.  (Id.;

10  Dkt. No. 1-1 at 131.)

11  　　　　On September 3, 2010, petitioner commenced this action by filing the instant

12  petition.  Respondent filed an answer and petitioner filed a traverse.

13  　　　　　　　　　　　　　　　　ANALYSIS

14  I.  Standards of Review Applicable to Habeas Corpus Claims

15  　　　　A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

16  some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

17  861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

18  Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

19  interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

20  Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

21  corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

22  (1972).

23  　　　　This action is governed by the Antiterrorism and Effective Death Penalty Act of

24  1996 ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d

25  1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

26  habeas corpus relief:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment.[1] Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). See also Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision"). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167

---

[1] Here, the last reasoned state court decision issued from the Orange County Superior Court.

1  (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's

2  claim the AEDPA's deferential standard does not apply and a federal habeas court must review

3  the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

4  II.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

5            The Due Process Clause of the Fourteenth Amendment prohibits state action that

6  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

7  due process violation must first demonstrate that he was deprived of a liberty or property interest

8  protected by the Due Process Clause and then show that the procedures attendant upon the

9  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

10  490 U.S. 454, 459-60 (1989).

11            A protected liberty interest may arise from either the Due Process Clause of the

12  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

13  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

14  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

15  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

16  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

17  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

18  person to be conditionally released before the expiration of a valid sentence.").  However, a

19  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

20  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

21  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

22            California's parole scheme gives rise to a liberty interest in parole protected by the

23  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

24  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout,131 S.

25  Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of

26  Supreme Court authority); Pearson v. Muntz, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir.

4

Apr. 5, 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole – in one case by the Board, and in the other by the Governor after the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard.  Id. at 862-63.  See also Pearson, 2011 WL 1238007 at *4.

III.  Petitioner's Claims

    A.  Due Process

Petitioner seeks federal habeas relief on the grounds that the Board's 2009 decision to deny him parole, the findings upon which that denial was based, and the Orange County Superior Court's decision to affirm the Board were not supported by "some evidence," as required under California law.  However, after the Supreme Court's decision in Swarthout, it is clear that the question of whether the Board reasonably applied California's "some evidence"

1   standard in a prisoner's parole hearing does not give rise to a claim for federal habeas relief.

2   Swarthout, 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison

3   Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme

4   Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due

5   process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a

6   statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, ___F.3d___, 2011 WL

7   1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout, California's parole

8   scheme creates no substantive due process rights and any procedural due process requirement is

9   met as long as the state provides an inmate seeking parole with an opportunity to be heard and a

10  statement of the reasons why parole was denied); Pearson, 2011 WL 1238007, at *3 (9th Cir.

11  Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process

12  Clause for denial parole under the California system, it made clear that the Clause's requirements

13  were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest

14  the evidence against them, were afforded access to their records in advance, and were notified as

15  to the reasons why parole was denied.'")

16          In this case, the record reflects that petitioner was represented by counsel at his

17  2009 parole consideration hearing.  The record also reflects that petitioner was heard at the

18  hearing and received a statement of the reasons why the Board panel decided to deny him parole.

19  Petitioner thus received all the process due him under the Constitution.  Swarthout, 131 S. Ct.

20  862; see also Miller, 2011 WL 1533512, at *5; Roberts,2011 WL 1365811, at *3; Pearson, 2011

21  WL 1238007, at *3.  His due process claim must be dismissed.

22          B. Marsy's Law

23          Petitioner also alleges that the Board issued its three-year denial pursuant to

24  California's Proposition 9 ("Marsy's Law") in violation of the ex post facto clause of the U.S.

25  Constitution.

26  \\\\\

6

1    California voters passed the "Victims' Bill of Rights Act of 2008," otherwise

2    known as "Marsy's Law."  Under California law as it existed prior to the enactment of Marsy's

3    Law, indeterminately-sentenced inmates, such as petitioner, were denied parole for one year

4    unless the parole hearing panel found it unreasonable to expect that parole could be granted the

5    following year, in which case the subsequent hearing could be delayed up to five years.  Cal.

6    Penal Code § 3041.5(b)(2) (2008).  At his 2009 parole hearing, petitioner was subject to the

7    terms of Marsy's Law, which authorizes denial of a subsequent parole hearing for a period of up

8    to fifteen years.  Cal. Pen. Code, § 3041.5(b)(3).  The shortest interval that the parole hearing

9    panel may set is three years, applied to petitioner herein, based on a finding that petitioner "does

10   not require a more lengthy period of incarceration . . . than seven additional years."  Cal. Pen.

11   Code, § 3041.5(b)(3)(c).

12       As noted above, petitioner presented his ex post facto claim to all three levels of

13   California's courts, and all three denied it.  Section 2254(d)(1) bars federal habeas relief unless

14   the state courts' decision was "contrary to, or involved an unreasonable application of, clearly

15   established Federal law, as determined by the Supreme Court of the United States."  Clearly

16   established federal law, as determined by Supreme Court, is as follows with respect to

17   petitioner's ex post facto claims.  A law violates the Ex Post Facto Clause if it:  (1) punishes as

18   criminal an act that was not criminal when it was committed; (2) makes a crime's punishment

19   greater than when the crime was committed; or (3) deprives a person of a defense available at the

20   time the crime was committed.  Collins v. Youngblood, 497 U.S. 37, 52 (1990).  A court may

21   find an ex post facto violation if a change in the law "produces a sufficient risk of increasing the

22   measure of punishment attached to the covered crimes."  California Dep't of Corrections v.

23   Morales, 514 U.S. 499, 509 (1995).  The Court has not articulated a specific formula for

24   "identifying those legislative changes that have a sufficient effect on . . . punishments to fall

25   within the constitutional prohibition on [ex post facto laws]."  Id.  However, the court has found

26   that changes that create only the most "speculative and attenuated possibility of producing the

7

1  prohibited effect" of increasing punishment do not run afoul of the ex post facto clause.  Id.; See

2  Garner v. Jones, 529 U.S. 244, 251 (2000) (legislative change to parole rules must at minimum

3  create "significant risk of prolonging . . . incarceration" to constitute a violation of the Ex Post

4  Facto Clause).

5          The Supreme Court has not directly addressed whether application of Marsy's

6  Law to persons convicted prior to its enactment constitutes the sufficient risk of increased

7  punishment prohibited by the Ex Post Facto Clause.  However, the Court has addressed an ex

8  post facto challenge to a change in California law concerning the frequency of parole hearings.

9  In Morales, 514 U.S. at 514, the court found that a 1981 amendment to Section 3041.5, which

10  increased maximum deferral period of parole suitability hearings to certain individuals from one

11  to three years, did not violate the Ex Post Facto Clause.  Among other things, the court found the

12  fact that an inmate could always seek an expedited hearing if the inmate felt that, between

13  scheduled hearings, circumstances had changed to the point that he or she might at that time be

14  found suitable for parole.  Id. at 512-13.  Considering this fact, the Court found: "there is no

15  reason to conclude that the amendment will have any effect on any prisoner's actual term of

16  confinement . . ."  Id. at 512.

17          Also, in Garner v. Jones, 529 U.S. 244 (2000), the Court upheld Georgia's change

18  in the frequency of parole hearings for prisoners serving life sentences from three to eight years

19  in the face of an ex post facto challenge.  Again, the Court found it significant that inmates could

20  seek an expedited hearing in the event of a change of circumstances:

21              On the record in this case, we cannot conclude the change in
                Georgia law lengthened respondent's time of actual imprisonment.
22              Georgia law vests broad discretion with the Board, and our analysis
                rests upon the premise that the Board exercises its discretion in
23              accordance with its assessment of each inmate's likelihood of
                release between reconsideration dates.  If the assessment later turns
24              out not to hold true for particular inmates, they may invoke the
                policy the Parole Board has adopted to permit expedited
25              consideration in the event of a change in circumstances.

26  Id. at 256.

8

1    Here, as indicated above, the changes to the frequency of parole hearings are more

2 extensive than in Morales and Garner and can potentially result in subsequent parole hearings

3 occurring as much as fifteen years after the prior hearing.[2]  However, as in Morales and Garner,

4 the parole board concerned, in this case the California Board of Parole Hearings post-Marsy's

5 Law, has the ability to advance a parole suitability hearing when "a change in circumstances or

6 new information" essentially establishes a reasonable likelihood that an inmate will be found

7 suitable for parole.  Cal. Pen. Code, § 3041.5(b)(4).

8    After reviewing the facts applicable to petitioner's ex post facto claim, clearly

9 established federal law as determined by the Supreme Court, and California statutes and

10 regulations related to the frequency with which parole hearings occurring after the first parole

11 hearing must be held, the court finds that the state court's decision rejecting petitioner's ex post

12 facto claim is not contrary to, nor does it involve an unreasonable application of clearly

13 established federal law as determined by the Supreme Court.  Its conclusion is not out of line with

14 decisions reached by the Supreme Court in both Morales and Garner, especially in light of the fact

15 that, as in Morales and Garner, the parole board concerned can expedite a suitability hearing if the

16 board believes it is reasonable to assume that the inmate in question will be paroled.[3]  Thus,

17 petitioner's ex post facto claim should also be dismissed.

18    Accordingly, IT IS HEREBY RECOMMENDED that:

19    1.  The petition for writ of habeas corpus (Dkt. No. 1) be dismissed; and

20    2.  This case be closed.

21

22    [2] See Gilman, 638 F.3d 1101, 1107-08 (9th Cir. 2011) for a detailed discussion of the
differences between the statutes and regulations at issue in Morales, Garner, and in California
23 post-"Marsy's Law."

24    [3] Petitioner is informed that there is a 42 U.S.C. § 1983 class action pending in this court
where it is alleged that "Marsy's Law" violates the Ex Post Facto Clause of the Constitution.
25 The name of the case is Gilman v. Fisher, CIV-S-05-0830 LKK GGH P and the class of persons
identified as plaintiffs in that action consist of California prisoners serving indeterminate
26 sentences, who are eligible for parole and who have been denied parole on one or more occasion.
March 4, 2009 Order at 9.  It appears petitioner is a member of that class.

9

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

Dated: April 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
thom2384.parole

10